UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA NAILS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15-CV-126-CEJ |
| | ) |
| MASTERCARD DISPUTES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), or for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has not responded, and the time allowed for doing so has expired.

### I. Background

Plaintiff Angela Nails brings this action against defendant MasterCard Disputes to recover damages arising from an alleged improper charge to her credit card.[1] According to the complaint, plaintiff used her MasterCard credit card to purchase a one-year warranty from an automobile dealership for an engine for her car. Plaintiff later discovered that the dealership had actually charged her for a two-year warranty. Plaintiff contacted defendant to dispute the charge and to obtain a refund. However, defendant refused to permit plaintiff to file a formal dispute. Plaintiff seeks to recover the amount charged to her credit card by the automobile dealership.

---

[1] Defendant states that "MasterCard Disputes" is a non-existent entity and that defendant's correct name is MasterCard International Incorporated.

## II. Jurisdiction

Defendant contends that the Court lacks subject matter jurisdiction because the complaint does not raise a federal question or meet the requirements for diversity jurisdiction. In the complaint, plaintiff asserts "United States federal law credit reporting" as the basis for the action. *[Doc. # 1 at ¶1].* The contemporaneously-filed civil cover sheet identifies claims based on two federal statutes: the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, and 15 U.S.C. § 1643, which limits a cardholder's liability for unauthorized use of a credit card. *[Doc. # 1-2].* The complaint thus establishes subject matter jurisdiction based on federal question. 28 U.S.C. § 1331.

## III. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570; *see*

*also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

**IV.    Discussion**

The complaint fails to allege facts sufficient to state a plausible claim for a violation of either the FCRA or 15 U.S.C. § 1643. At base the FCRA provides consumers who discover inaccurate information on their credit reports with the right to have those errors corrected; it also limits who can access a consumer's credit report. In this case, plaintiff makes no allegations about the contents of her credit report or that defendant unlawfully accessed her report or that defendant's conduct negatively affected her report. Rather, plaintiff's sole complaint is that defendant would not allow her to file a dispute of a charge on her credit card. As such, the complaint does not state a plausible claim against defendant for violating the FCRA.

Section 1643 of Title 15 of the United States Code limits a cardholder's liability for unauthorized use of her credit card to a maximum of $50 per transaction. The statute governs the relationship between a cardholder and a card issuer. The defendant does not issue credit cards; it merely processes payments between merchants and card issuers, *i.e.*, banks and other financial institutions. *[Doc. # 15-1]*. Assuming for the sake of argument that the fee charged to plaintiff's credit card was unauthorized, as defined by the statute, the responsibility to limit plaintiff's liability for that unauthorized purchase rests with the card issuer, not defendant. Therefore, the complaint does not state a plausible claim against defendant for violating 15 U.S.C. § 1643.

*****

For the reasons discussed above,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #14] is **granted**.

**IT IS FURTHER ORDERED** that all other pending motions are **denied as moot**.

A separate order of dismissal will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of April, 2015.